**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2149-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JASON D. PRONTNICKI,
a/k/a JASON PRONTNICKI,

    Defendant-Appellant.

_____

Submitted March 1, 2021 – Decided March 10, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 16-08-0627.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth Harrigan, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Deborah Bartolomey, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant appeals from a December 3, 2019 order denying his petition for post-conviction relief (PCR). Defendant maintains his trial and appellate counsel rendered ineffective assistance. Judge Peter J. Tober entered the order and rendered a lengthy and comprehensive written opinion, on which we substantially agree. We therefore affirm.

Defendant entered a pharmacy, brandished a weapon, and demanded drugs from the cashier. The cashier was unable to flee because of a wall behind her, and she testified at the trial that she was concerned that defendant could jump over the counter, which was a handicapped counter and low to the ground. At trial, his counsel argued that defendant did not commit armed robbery, but surveillance showed that defendant removed an iron wrench from his sleeve and brandished it while demanding drugs from the cashier.

The jury found defendant purposely used the deadly weapon to put the cashier in fear of immediate bodily injury. Defendant later appealed from his convictions for first-degree armed robbery, N.J.S.A. 2C:15–1(a)(2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39–5(d). We affirmed, State v. Prontnicki, No. A-2119-16 (App. Div. May 31, 2018), and the

2

Supreme Court subsequently denied certification, <u>State v. Prontnicki</u>, 236 N.J. 237 (2018).  Thereafter, defendant filed his PCR petition.

On appeal, defendant raises the following arguments for this court's consideration:

> <u>POINT I</u>
>
> THE [PCR] JUDGE ERRED IN HIS DETERMINATION THAT TRIAL COUNSEL PROVIDED EFFECTIVE ASSISTANCE SINCE COUNSEL FAILED TO SEEK DISQUALIFICATION OF THE MIDDLESEX COUNTY PROSECUTOR'S OFFICE [MCPO] FROM THE CASE, OBJECT TO THE TRIAL [JUDGE]'S JURY CHARGE WHICH LACKED A DEFINITION OF "ATTEMPT" AND SEEK DISQUALIFICATION OF THE TRIAL JUDGE.
>
> > A. TRIAL COUNSEL FAILED TO SEEK DISQUALIFICATION OF THE [MCPO] FROM THE CASE[.]
> >
> > B. TRIAL COUNSEL FAILED TO OBJECT TO THE JURY CHARGE WHICH OMITTED A DEFINITION OF "ATTEMPT[.]"
> >
> > C. TRIAL COUNSEL FAILED TO SEEK DISQUALIFICATION OF THE TRIAL JUDGE[.]
>
> <u>POINT II</u>
>
> THE [PCR] JUDGE ERRED BY DENYING DEFENDANT'S CLAIM THAT HE RECEIVED

3

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL[.]

POINT III

THE CONFLICT WHICH RESULTED IN THE SOMERSET COUNTY PROSECUTOR'S OFFICE [SCPO] TAKING OVER THE PROSECUTION OF DEFENDANT'S GIRLFRIEND, WHO WAS THEN A SITTING JUDGE IN MIDDLESEX COUNTY SUPERIOR COURT, REQUIRED THAT THE [SCPO] ALSO TAKE OVER DEFENDANT'S PROSECUTION AND THE FAILURE TO DO SO DEPRIVED DEFENDANT OF A FAIR TRIAL, DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW[.]

POINT IV

THE TRIAL JUDGE DENIED DEFENDANT HIS RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY AND HIS DUE PROCESS RIGHT TO A FAIR TRIAL BECAUSE OF IMPROPER CHARGES TO THE JURY[.]

POINT V

THE TRIAL JUDGE SHOULD HAVE RECUSED HIMSELF FROM PRESIDING OVER DEFENDANT'S TRIAL[.]

POINT VI

THE [PCR JUDGE] ERRED BY DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS ARGUMENTS IN HIS [PCR] PETITION[.]

Most of defendant's arguments are either barred by Rule 3:22-4 or Rule 3:22-5. But even if that were not the case, we conclude defendant's contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm for the extensive reasons given by the PCR judge and add the following remarks.

When a PCR judge does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

"The standard for an ineffective assistance of counsel claim is . . . the same under both the United States and New Jersey Constitutions." State v. Gideon, 244 N.J. 538, 550 (2021). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted in State v. Fritz, 105 N.J. 42 (1987). "First, the defendant must show that counsel's performance was deficient. . . . [And] [s]econd, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by

the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. To meet the second prong, a defendant must show that counsel's errors created a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Strickland, 466 U.S. at 694. Defendant has not demonstrated either prong.

The Strickland/Fritz two-pronged standard also applies to claims of ineffective assistance of appellate counsel. State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007). The hallmark of effective appellate advocacy is the ability to "winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). A brief that raises every colorable issue runs the risk of burying good arguments in a "verbal mound made up of strong and weak contentions." Id. at 753. Failure to pursue a meritless claim—like here—does not constitute ineffective assistance. State v. Webster, 187 N.J. 254, 257 (2006). Appellate counsel has no obligation to raise spurious issues on appeal. Ibid.

A defendant is only entitled to an evidentiary hearing when he or she "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant

"must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463-64. On this record, an evidentiary hearing was unwarranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION